UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID LEE HARMON,

    Plaintiff,

v.                                Case No.:   2:20-cv-79-FtM-38NPM

CHARLOTTE COUNTY SHERIFF'S OFFICE, CORIZON HEALTH SERVICES, O. MAHORIVSKYY, FNU BEVERLY and DEPUTY PEREZ,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court are Defendants Charlotte County Sheriff's Office and Deputy Perez's Motion to Dismiss (Doc. 44), Deputy O. Mahorivskyy and Deputy Beverly's Motion to Dismiss (Doc. 52), and Corizon Health, Inc.'s Motion to Dismiss (Doc. 59). Plaintiff David Lee Harmon did not respond to the motions, so the Court considers them unopposed. (*See* Doc. 61 ("If Plaintiff fails to file responses, the Court will deem Defendants' motions to be unopposed and ripe for review")).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Harmon, a pretrial detainee at Charlotte County Jail, filed this civil rights case under 42 U.S.C. § 1983, alleging Defendants were deliberately indifferent to his medical needs. (Doc. 1). The Court dismissed Harmon's initial Complaint for the following reasons:

> Plaintiff's Complaint is deficient in several respects. Plaintiff sets forth bare-bones factual allegations in a narrative fashion, which falls short of the federal procedural pleading requirements. The Complaint fails to identify which acts and claims are attributable to which defendant. The Complaint falls within the scope of shotgun pleadings because it fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). Further, the Complaint states no claim against Corizon Health Service and the Charlotte County Sheriff's Office because there are no allegations of a policy or custom against these entities. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Nor does the Complaint attribute any action or inaction to either Defendant Deputy O. Mahorivskyy or Charlotte County Sheriff Bill Prummell to hold either liable under § 1983. And to the extent Plaintiff predicates liability to Sheriff Prummell for the actions of his deputies, "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional actions of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks omitted).

(Doc. 12 at 4-5). The Court allowed Harmon to amend his complaint, which he did twice.

Instead of identifying any constitutional or statutory right that has been violated, the Second Amended Complaint lists the following claims: "personal injury, malicious injury, mayhem, maim, strict liability, vicarious liability,

malfeance [sic], disfigurement (foot), medical neglect." (Doc. 18 at 4). As factual support, Harmon lists his medical conditions: sleep apnia (with no CPAP machine), unaddressed mental issues, heart issues, stroke issues, a club foot, and two broken screws in his foot. (Doc. 18 at 4). Harmon then makes minimal allegations against each Defendant: Charlotte County Sheriff's Office did not get him to surgical appointments, Corizon Health "slow walked" him on his pain and suffering, Beverly and Perez slammed him into a plexiglass divider in a wheelchair van and broke the screws in his foot,[2] and Mahorivskyy grabbed his foot and broke three stitches. (Doc. 18 at 5). Defendants move to dismiss the Second Amended Complaint under Federal Rules of Civil Procedure 8, 10, and 12(b)(6).

## Legal Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). The rules also require plaintiffs to set out their claims in separate, numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. Pro. 10(b).

---

[2] Although the Second Amended Complaint is silent on the details, Harmon's initial Complaint alleged, "I have been transported in a wheelchair van that deputies did not know how to use and I was injured as my wheelchair crashed into a plexiglass devider [sic] before we even exited the parking lot of the hospital on the day of my surgery." (Doc. 1 at 6).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The problem with shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

When considering a motion to dismiss under Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point – a district court should dismiss a claim where a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

**Discussion**

Harmon files his Complaint under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Harmon does not explicitly allege a constitutional deprivation in his Second Amended Complaint, but it seems the root of his claim remains denial of medical treatment under the Eight Amendment. To state an Eighth Amendment claim for medical mistreatment, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To prove medical indifference, Harmon must demonstrate:

> (1) he had a serious medical need (the objective component); (2) the prison official acted with deliberate indifference to that serious medical need (the subjective component); and (3) the official's wrongful conduct caused the injury. To satisfy the subjective component, the plaintiff must prove the prison official subjectively knew of a risk of serious harm, the official disregarded that risk, and the official's conduct was more than gross negligence.

*Fischer v. Fed. Bureau of Prisons*, 349 F. App'x 372, 374 (11th Cir. 2009) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1326-27 (11th Cir. 2007)).

Like Harmon's initial Complaint, the Second Amended Complaint is deficient for several reasons. It is a shotgun pleading because it fails to give each defendant adequate notice of the claims against them. *See Weiland*, 792 F.3d at 1323. It fails to allege facts establishing any of the three elements of an Eighth Amendment claim—the objective component, the subjective component, and causation. *See Fischer*, 349 F. App'x at 374. Harmon's claims against Corizon and the Charlotte County Sheriff's Office also fail because he does not allege any policy or custom that caused him injury. *See Monell*, 436 U.S. at 694. To the extent Harmon pleads state tort claims against Beverly, Perez, and/or Mahorivskyy, those claims fail under Fla. Stat. § 768.28(9) because Harmon does not allege they "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard for human rights, safety or property." Fla. Stat. 768.28(9)(a).

Some defendants have raised qualified immunity as grounds for dismissal with prejudice. But the Court declines to decide whether any defendants are entitled to qualified immunity based on the limited record before it.

Accordingly, it is now

**ORDERED:**

6

Defendants' motions to dismiss (Doc. 44; Doc. 52; Doc. 59) are **GRANTED**.

(1) Plaintiff David Lee Harmon's Second Amended Complaint (Doc. 18) is **DISMISSED without prejudice**.

(2) The Clerk is **DIRECTED** to enter judgment, terminate all deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on December 2, 2020.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record